[Civ. No. 6822. First Appellate District, Division Two.—August 7, 1929.]

## G. M. SOURICH, Appellant, v. PETER J. BARICH, Respondent.

A. Don Duncan for Appellant.

Benjamin L. McKinley for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to foreclose a contractor's lien. The defendant appeared and answered and also filed a cross-complaint. The plaintiff answered the cross-complaint and the case was tried before the court sitting without a jury. The trial court made findings of fact in favor of the defendant and from a judgment entered thereon the plaintiff has appealed, and has brought up a typewritten transcript.

Thomas A. Sourich was a contractor and builder. Prior to August 8, 1925, he had become seriously embarrassed

financially. On the date last mentioned his wife Guiditta Sourich and the defendant entered into a contract by the terms of which Mrs. Sourich undertook to enlarge, alter and repair a building for the defendant. The contract price was $28,000. Immediately thereafter Mr. Sourich, as the agent of his wife, entered upon the performance of the contract. Apparently everything progressed well until November 13th, when Mr. Sourich was declared a bankrupt. On November 15, 1925, the plaintiff and the defendant stated an account and it was found that the plaintiff had earned $16,000, which was paid in full. About the same time the parties entered into an oral contract, the exact terms of which do not appear, by the terms of which the plaintiff was to proceed to perform the contract, but all bills were to be paid directly by the defendant after first being duly approved by the plaintiff. About December 1, 1925, the contract had been so nearly completed that certain of the artisans, including Mr. Sourich, left the job and the painters came forward to do the painting. From that day Mr. Sourich was not in constant attendance. There is some evidence in the record that his constant attendance was not necessary. There is some evidence in the record that the plaintiff abandoned the contract. Be this as it may, the contract proceeded and was fully completed on or about January 29, 1926. Between November 13, 1925, and January 29, 1926, numerous bills for labor and material became due and payable. Many of those bills were approved by the plaintiff and were thereupon paid by the defendant. Some of those bills were not approved in advance by the plaintiff, but nevertheless they were paid by the defendant. In her briefs the plaintiff claims that the payments last referred to were made voluntarily. Except in one or two instances she does not claim that the bills so paid were not correct both as to quantity and quality of materials furnished and as to the amount in dollars and cents. In those instances in which she does complain, she does not show by the proof the exact extent of the inaccuracy, if any. There is one claim of overpayment, but as to that claim the evidence was distinctly conflicting. There is some evidence that some of the bills were paid a short time before they were actually due. There is much evidence to the effect that the defendant was constantly engaged in receiving calls from the

creditors of the plaintiff or her agent, of reporting those calls to the plaintiff or her agent, and that from November 13, 1925, the defendant was compelled to make a most strenuous effort to keep his building from being covered with liens.

During the progress of the work certain extras were performed. As to the amount thereof the parties do not disagree.

The total cost of all work was $29,850.09. The trial court deducted $200.40, the price of some material furnished by the builder, $560.62, the agreed cost of extras, and $28,000, the contract price. The balance, $1,089.07, was the excess cost over the cost stipulated in the contract. For the amount of that excess the trial court gave judgment in favor of the defendant. ■ If the defendant did not act as a volunteer in making any of the above-mentioned payments, the judgment should be affirmed. The story as recited above clearly indicates that he did not act as a volunteer; moreover, after each payment had been made he promptly notified the plaintiff or her agent and the payment was duly approved. Because of the view we take of this case it becomes unnecessary to discuss any of the other points made in the briefs.

The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 4, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 3, 1929.

All the Justices present concurred.